BOLIN, Judge.
This action originated as a possessory action brought by plaintiffs and was converted into a petitory action by the defendant’s reconventional demand in which she asserted title to the following described property:
Lot 1, J. S. Williams Subdivision, a subdivision of the City of Shreveport, Caddo Parish, Louisiana, as per map thereof recorded in Book 50, Page 463, of the Conveyance Records of Caddo Parish, Louisiana.
Following the first trial judgment was rendered in favor of the Plason heirs recognizing them as the owners of the property by prescription. Motion for new trial was granted. After this motion was filed and prior to judgment Melinda and Norman Peacock, transferees of Edith Smith, were made parties defendant. Following the second trial the court again rendered judgment in favor of the Hason heirs sustaining the plea of thirty years acquisitive prescription and recognizing them as owners of the property. From that judgment defendants appeal, both suspensively and devolutively.
In the interim the Hason heirs filed a motion to be restored to the possession of the property and for a writ of possession which was issued on June 23, 1964. As a consequence plaintiffs are presently in possession of the property.
Appellants allege the issue raised is twofold: (1) Whether the Hason heirs have established by a preponderance of the evidence the kind of possession that will sustain their plea of prescription; and, (2) whether Edith Smith and her transferees in title, Melinda Cunningham Peacock and her husband, Norman Peacock, being in the position of plaintiffs in the petitory action, have made out their title, as required by Article 3653 of the Louisiana Code of Civil Procedure.
We believe the testimony of the witnesses adequately establishes that Mary Hason moved on and took possession of the property in question sometime in the year 1929. She constructed a residence thereon, enclosed it by fences and occupied it as owner continuously and without interruption until her death in 1962. Living with her during a part of this time were the plaintiffs, collateral heirs of Mary Hason.
In 1962, upon the death of Mary Hason, her succession was judicially opened and defendants in reconvention were recognized as her sole heirs and sent into possession thereof as owners until 1964 when their possession was disturbed by Edith Smith.
*124 Appellant contends that Mary Hason took possession of the lot under the erroneous impression that she was taking as owner and therefore she did not have the “hostile” intent requisite in the common-law definition of “adverse possession”. However, we are convinced the Louisiana law with regard to acquisitive prescription of thirty years has been satisfied.
The statutory law applicable to acquisitive prescription of thirty years is contained in Louisiana Civil Code Articles 3499, 3500, 3501 and 3502, which read as follows:
“Art. 3499. The ownership of immov-ables is prescribed by thirty years without any need of title or possession in good faith.”
“Art. 3500. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner.”
“Art. 3501. The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor’s intention to preserve the pqssession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts.”
“Art. 3502. A man may even retain the civil possession of an estate, sufficient to prescribe, so long as there remain on it any vestiges of works erected by him, as, for example, the ruins of a house.”
Having determined the first part of the issue presented in the affirmative, i. e., that defendants in reconvention have established a prescriptive title to the property in dispute, it becomes unnecessary to consider the second part thereof.
For the reasons assigned the judgment of the lower court sustaining the plea of prescription is affirmed at appellants’ cost.
Affirmed.